UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| ADRIAN AKERS, JR., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 04-403-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANNE BARNHART, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff Adrian Akers, Jr. ("Akers") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 11, 12] Akers seeks to reverse the decision of an administrative law judge ("ALJ"), concluding that he is not entitled to disability insurance benefits under Title II of the Social Security Act. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Akers.

   **I.   LEGAL STANDARD**

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability

application. 20 C.F.R. § 404.1520(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 CFR § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. § 404.1520(f).[1]

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant

---

[1] Pursuant to 68 Fed. Reg. 51153, 51161-62, the Commissioner has changed the lettering of the relevant Code of Federal Regulations. What was previously 20 C.F.R. § 404.1520(e) and (f) are now 20 C.F.R. § 404.1520(f) and (g), respectively.

deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and*

*Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

## II. RELEVANT FACTS

Akers was forty-nine years old at the time of the administrative hearing before the ALJ. [*See* Administrative Transcript ("Tr.") p. 148] He has a high school education and work experience as a crew leader in the trucking industry. [Tr., p. 152] This past work was classified as heavy exertional and skilled. [Tr., p. 169]

Akers claims that he became disabled on July 30, 2001 as a result of a number of impairments including: lower and upper back pain; leg, hip, and knee pain; poor vision and hearing in only one ear; high blood pressure; hepatitis; chronic pain; obesity; and occasional headaches. [Tr., p. 48, 60] Akers filed an application for disability insurance benefits on October 31, 2001. [Tr., pp. 44-48] This application was denied initially and upon reconsideration. Following an administrative hearing, the ALJ issued a decision denying Akers' claim for benefits. [Tr., pp. 13-20]

The Appeals Council denied Akers' request for review. Thus, the ALJ's decision became the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).

## III. PROCEEDINGS BEFORE THE ALJ

On February 21, 2003, an administrative hearing was held before ALJ William Gitlow in Prestonsburg, Kentucky. [Tr., pp. 145-173] During this hearing, the ALJ received testimony from Akers and Leah Salyers, a Vocational Expert ("VE"). Thereafter, the ALJ issued a decision denying benefits to Akers. Although the ALJ found that Akers had a severe back impairment

and also suffered from obesity (and several other non-severe impairments) he concluded that Akers retained the residual functional capacity to perform a significant range of unskilled light and sedentary work. Based on testimony from the VE, the ALJ further concluded that Akers was capable of performing a significant number of jobs in the national economy. [Tr., pp. 19-20]

### IV.    DISCUSSION

Akers's sole argument is that the ALJ erred by failing to recontact his treating physician, Dr. Verma. He relies upon relevant regulations and the holding in *Persell v. Secretary of Health and Human Services*, 36 F. 3d 1097 (6th Cir. 1994), as support for his position. However, such reliance is misplaced under the facts presented. In this case, the ALJ did not reject Dr. Verma's "opinion" because it was incomplete. Instead, he determined that it was incorrect based on the objective evidence in the record and the conflicting opinions of other physicians.

The ALJ discounted Dr. Verma's conclusion that Akers was unable lift more than 10 pounds based on the fact that there was "negligible clinical support" to support his assessment. [Tr., p. 17] Notwithstanding this specific finding, Akers argues that the ALJ should have recontacted Dr. Verma to "obtain additional information and clarification of his opinion." (Clmt.'s Br. at 4).

Title 20 C.F.R. Section 404.1512(e) provides, in relevant part:

Recontacting medical sources. When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.

(1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily

>   available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

The ALJ is correct that the record does not support the conclusion that Akers could not lift more than 10 pounds. Also as noted by the ALJ, while Dr. Verma makes reference to a limited range of motion, there is negligible support for the assessment which is contradicted by other evidence and medical opinions. In evaluating the medical evidence, the ALJ correctly notes that Dr. Verma does not assess Akers' straight leg raise, deep tendon reflexes, gait, muscle strength, or ability to walk heel to toe. Further he does not indicate whether Akers has any sensory loss, muscle spasm or muscle atrophy. And as the ALJ states, Dr. Verma's opinion is not supported by the modest treatment regimen or Akers' MRI results. Unsupported conclusions, even from treating physicians, are not accorded any particular deference. 20 C.F.R. § 404.1527(d)(2).

The recontacting provision cited by Akers is only triggered when the medical information in the record is inadequate for the Commissioner to determine whether the claimant is disabled. 20 C.F.R. § 404.1512(e) ("When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision."). Akers has not argued that the ALJ lacked sufficient evidence. Further, he does not identify which medical

records the ALJ lacked that would have required re-contacting Dr. Verma. Thus, 20 C.F.R. § 404.1512(e) does not apply because there *was* sufficient evidence in the record for the Commissioner to determine whether Akers was disabled.

Based upon a review of the administrative record and the briefs submitted by the parties, it is clear that substantial evidence supports the Commissioner's final decision. As the record indicates, there is no evidence of disc herniation or spinal stenosis that would support a finding of severe pain. Further, the medical reports of Drs. Jules Barefoot and Michael Lyons supports the ALJ's conclusions regarding the Akers' limitations. As set out in Dr. Barefoot's report, Akers had not been treated for high blood pressure and surgery had not been recommended for his back condition as of his January 2002 examination. Further, the hepatitis Akers' contracted as a child had not reoccurred. And although Akers complained of vision and hearing problems, they were not evident at the time of the examination. [Akers' vision problem was corrected with eyeglasses.]

Likewise, while Akers' physical examination revealed some limited range of movement of his lumbar spine, his grip strength was good, straight leg raises were negative and his lower and upper extremity motor strength was normal. [Tr., 97] And although Akers could squat with some difficulty, his gait was also normal. Further, x-rays of Akers' left knee was unremarkable. [Tr., p. 98] This examination and the accompanying report, together with the evaluation and report of Dr. Lyons [Tr. 138], supports the ALJ's findings.

In summary, while the Claimant has failed to satisfy his burden of proof under the applicable regulations, the Commissioner has shown that the medical and other evidence in the

record establishes that the Claimant does not have a disabling condition such that disability insurance benefits should be awarded under Title II of the Social Security Act. Accordingly, it is hereby

**ORDERED** as follows:

(1)  Plaintiff Adrian Akers, Jr.'s Motion for Summary Judgment [Record No. 11] is **DENIED**;

(2)  The Commissioner's Motion for Summary Judgment [Record No. 12] is **GRANTED**; and

(3)  The administrative decision of the Commissioner is hereby **AFFIRMED**. A separate judgment entered this date.

This 2nd day of June, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge